IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

LEWIS JENKINS, #L0407                                                    PETITIONER

versus                                                CIVIL ACTION NO. 2:08cv202-KS-MTP

CHUCK ABRAMS and CHRISTOPHER EPPS                        RESPONDENT

### REPORT AND RECOMMENDATION

THIS MATTER is before the Court on a Motion to Dismiss Pursuant to § 2244(d) [6] filed by Respondents. Having considered the motion, along with documents made a part of the record of this case and applicable law, the undersigned recommends that the Motion to Dismiss [6] be granted and that the Petition for Writ of Habeas Corpus [1] be dismissed with prejudice.

### FACTS AND PROCEDURAL HISTORY

Petitioner pled guilty to manslaughter in the Circuit Court of Jones County, Mississippi, and by Order dated July 30, 2004, was sentenced to a term of twenty (20) years in the custody of the Mississippi Department of Corrections ("MDOC"), with fifteen (15) years to serve and five (5) years suspended upon the successful completion of five (5) years on post-release supervision and completion of the Circuit Court Community Service Program. *See* Exh. A to Motion to Dismiss. Petitioner did not file a direct appeal, as direct appeals are statutorily prohibited when a defendant enters a guilty plea.[1] Miss. Code Ann. § 99-35-101.

Petitioner filed the instant Petition for Writ of Habeas Corpus [1], at the earliest, on

---

[1] The Mississippi Supreme Court has carved out an exception, allowing a defendant to appeal an illegal sentence, as opposed to a guilty plea. *See Trotter v. State*, 554 So. 2d 313, 315 (Miss. 1989); *Burns v. State*, 344 So. 2d 1189, 1190 (Miss. 1977).

September 3, 2008.[2] Respondent contends that the Petition was not timely filed and, therefore, it should be dismissed pursuant to 28 U.S.C. § 2244(d).

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act (AEDPA), to which this case is subject, specifies that a petitioner seeking federal habeas relief must file his federal petition within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); *Egerton v. Cockrell,* 334 F.3d 433, 435, 436 (5th Cir. 2003).

As noted *supra*, while there is a statutory prohibition to direct appeals from guilty pleas under state law, Petitioner could have appealed an alleged illegal sentence within thirty days of his Order of conviction. *See* Miss. Code Ann. § 99-35-101; *Trotter v. State*, 554 So. 2d 313, 315 (Miss. 1989); *Burns v. State*, 344 So. 2d 1189, 1190 (Miss. 1977); *see also Egerton v. Cockrell*, 334 F.3d 433, 435 (5th Cir. 2003); *Rampage v. Thorton*, 2007 WL 1087485, at * 2 (S.D. Miss. Mar. 15, 2007). Accordingly, petitioner's conviction became final thirty (30) days after he was sentenced on his guilty plea - on August 30, 2004.[3] Therefore, his federal habeas petition was due on August 30, 2005.

Jenkins filed the instant petition, at the earliest, on September 3, 2008, approximately three years after the statute of limitations expired. Thus, the petition is barred by the statute of

---

[2] Under the "mailbox rule," Jenkins' *pro se* federal habeas petition is deemed filed on the date that he delivered the petition to prison officials for mailing to this court. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999). Petitioner's habeas petition was signed on September 3, 2008, but was not stamped "filed" until September 10, 2008. The court will give Petitioner the benefit of the doubt and assume that his petition was delivered to prison officials on the same day it was signed.

[3] Thirty days from July 29, 2004 was August 28, 2004, a Saturday.

2

limitations unless Petitioner is entitled to either statutory or equitable tolling. Whether statutory tolling occurred during the period between Jenkins' judgment becoming final on August 30, 2004 and the filing of his habeas petition on September 3, 2008 is first determined by reference to 28 U.S.C. § 2244(d)(2), which provides for tolling of the one-year limitation period during the time in "which a properly filed application for State post-conviction or other collateral review" remains pending. Respondent represents that the records of the Jones County Circuit Court indicate that no post-conviction motions were filed by Jenkins prior to August 30, 2005.[4] This is confirmed by the statements made in Petitioner's habeas petition. *See* Petition at 3-6 & accompanying exhibits (ecf. doc. no. 1-2). Jenkins did file a Motion to Vacate and Set Aside Conviction and Sentence on September 26, 2006. *See id.*; Exh. B to Motion to Dismiss. However, because this Motion was filed *after* the federal statute of limitations had run, it cannot toll the statute of limitations.[5] *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Thus, Jenkins is not entitled to tolling under this provision.

Petitioner argues in his Petition and in his Response [7] to the Motion that the "factual predicate" exception of 28 U.S.C. § 2244(d)(1)(D) should apply. This section provides that the one-year statute of limitations shall run from the latest of "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due

---

[4] This was interpreted as a Motion for Post-Conviction Relief ("PCR") and denied by the trial court on November 3, 2006. The Mississippi Court of Appeals affirmed the trial court's decision on January 14, 2008, and the Mississippi Supreme Court denied certiorari on July 31, 2008. *See* Exhs. C, I & J to Motion to Dismiss.

[5] Even if this post-conviction motion could toll the statute of limitations, this would not alter the conclusion that the instant habeas petition was untimely filed. As noted above, the motion was filed on September 26, 2006, and certiorari was finally denied on July 31, 2008. Thus, the motion could only toll the statute of limitations for approximately 22 months, meaning that the instant habeas petition would still have been filed more than a year late.

3

diligence." Petitioner argues that he was not aware of his claims until he received his file from his trial attorney in approximately July 2006, at which point he reviewed the file and "found the claims" presented in his Petition. Petitioner also argues that because he is not legally savvy, he had to rely on the help of other inmates, but he was not able to find an inmate to help him until December 2005. *See* Response [7] to Motion; Petition at ¶ 18.

As set forth in the Affidavit of Gia McLeod, Director of MDOC's Inmate Legal Assistance Program ("ILAP") (Exh. K to Motion to Dismiss), "[e]ach inmate is provided with a handbook upon entry into MDOC[6] and each time the handbook is revised, setting out how the ILAP program works, what assistance is provided and how to gain access." Thus, Petitioner would have been aware of ILAP and how to obtain legal assistance upon his entry into MDOC custody on April 4, 2002. In his Response [7] to the Motion, Petitioner concedes that he had access to ILAP, but argues the following: that ILAP does not provide non-illiterate inmates such as himself assistance with research or drafting of legal pleadings; that when researching cases inmates must provide ILAP staff with an exact citation of the case they need; and that even if Petitioner had received a copy of his file from his attorney earlier, he would not have know what to look for because ILAP does not provide assistance in reviewing records for constitutional errors "and telling the offender what claims he may have." *See* Response at 7.

Even if what Petitioner argues is true, under the "factual predicate" exception, the limitations period began to run when Petitioner knew the facts, not when he "realize[d] their legal significance." *Brown v. Michael*, 2007 WL 677225, at * 1 (W.D. La. Feb. 28, 2007) (citation omitted); *see also Samford v. Dretke*, 2005 WL 1017872, at * 3 (N.D. Tex. Apr. 27,

---

[6] According to Respondents, Petitioner entered MDOC custody on April 4, 2002. Petitioner does not dispute this.

4

2005), *Report & Recommendation adopted*, 2006 WL 154537 (N.D. Tex. Jan. 19, 2006).

Petitioner has not demonstrated that he was unaware of the underlying facts of his claims prior to receiving his file from his attorney,[7] and the fact that he may not have been aware of the legal theories upon which his habeas claims were based - either because he was not in possession of his file, or because he did not have the level of legal assistance he would have liked - is of no consequence.[8]

Petitioner also avers that he was not able to obtain documents from Jones County Circuit Court regarding his criminal conviction, and that this somehow prevented him from timely filing his habeas petition. According to Petitioner, the court would not provide him these files because he was appealing the denial of his motion for post-conviction relief, and not his criminal conviction. Plaintiff contends that these documents were "highly relevant" to the instant habeas petition. However, the document submitted by Petitioner in support of this claim merely states that Petitioner could only designate documents from his civil case to be included in the appellate record of that case. *See* ecf. doc. no. 1-2 at 10. Nothing in the record indicates that the trial court

---

[7] The court notes that Petitioner claims that he first wrote to his trial attorney regarding his file on February 14, 2006 (*see* ecf doc. no. 1-2 at 1), more than five months *after* the federal statute of limitations had expired. Thus, Petitioner cannot show that he was diligent in seeking relief.

[8] In his Petition, Petitioner raises the following claims: that his guilty plea was not knowingly or voluntarily entered because he did not understand the elements of the crime; that Petitioner was "constructively" denied counsel from March 2002 until March 2004; that he was denied effective assistance of counsel during the plea process (based on counsel's failure to conduct an adequate investigation of the circumstances); that there is (unidentified) evidence "not previously presented and heard" which requires that his conviction and sentence be vacated; that the trial court erred in denying a motion to dismiss for speedy trial violations; that the trial court erred in dismissing his motion for post-conviction relief without an evidentiary hearing; and that the cumulative effect of the errors denied him due process. *See* Petition at 6-12. The court fails to see how Petitioner could have been unaware of the factual predicate of these claims either at the time of, or shortly after, his conviction.

5

denied Petitioner access to his criminal files. Indeed, the exhibits to Petitioner's "Motion to Vacate and Set Aside Conviction and Sentence" contain numerous documents from Petitioner's criminal case, demonstrating that Petitioner had access to his criminal file. *Se*e Exh. B to Motion to Dismiss. Thus, this argument has no merit.

Finally, to the extent that Petitioner is also claiming that the doctrine of equitable tolling should apply, the court shall also address that issue. Equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Ott v. Johnson,* 192 F.3d 510, 513 (5th Cir. 1999). It is permitted only "in rare and exceptional circumstances." *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (citation omitted); *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). The decision to apply the equitable tolling doctrine to the one-year limitation period set forth in section 2244(d) rests within the sound discretion of the district court. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).

"It is well-settled that equitable tolling is not warranted merely because a petitioner proceeds pro se and is not well versed in the law." *Bishop v. Quarterman*, 2007 WL 1567095, at * 4 (S.D. Tex. May 29, 2007) (*citing Felder v. Johnson*, 204 F.3d 168, 172 (5th Cir. 2000)). Moreover, an inmate's lack of access to his state court records does not present an "exceptional circumstance" to warrant equitable tolling. *Id.* (*citing Roughley v. Cockrell*, 45 Fed. Appx. 326 (5th Cir. July 12, 2002) (rejecting a claim for equitable tolling based on an inmate's unfulfilled request for state court records); *Cofer v. Johnson*, 226 F.3d 643 (5th Cir. July 14, 2000) (rejecting claim for equitable tolling based on delay in receiving a copy of state court records); *Kiser v. Dretke*, 2004 WL 2331592 (N.D. Tex. Oct. 15, 2004) (holding "[d]ifficulty obtaining records and lack of money to pay for copies are common problems among inmates who are trying to pursue

6

post-conviction habeas relief and, thus, do not present exceptional circumstances that warrant equitable tolling."), *Report & Recommendation adopted by* 2004 WL 2549174 (N.D. Tex. Nov. 9, 2004)). Thus, Petitioner's *pro se* status, lack of knowledge of the law, delay in receiving files retained by his trial counsel and alleged lack of access to state court records are not exceptional circumstances to warrant equitable tolling.

Accordingly, as petitioner's federal habeas petition was filed on September 3, 2008 - approximately three years late - and as Petitioner has failed to establish that he is entitled to either statutory or equitable tolling, his habeas petition should be dismissed with prejudice.

**RECOMMENDATION**

For the reasons stated above, it is the recommendation of this court that the Respondent's Motion to Dismiss [6] should be granted and that petitioner's Petition for Writ of Habeas Corpus [1] should be dismissed with prejudice. It is further the recommendation of this court that all other pending motions, if any, be dismissed as moot.

In accordance with the rules, any party within ten days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within ten days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Services Automobile Association,* 79 F.3d 1415,

1428-29 (5th Cir. 1996).

THIS, the 18th day of February, 2009.

        s/ Michael T. Parker
        United States Magistrate Judge