IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION


LEWIS JENKINS, #L0407

VS.                                              CIVIL ACTION NO. 2:08cv202-KS-MTP

CHUCK ABRAMS AND
CHRISTOPHER EPPS

ORDER ACCEPTING MAGISTRATE JUDGE'S
RECOMMENDATION AND DISMISSING CASE WITH PREJUDICE, ETC.

This cause is before the Court on Motion to Dismiss pursuant to § 2244(d) [6] filed by

Respondents, Response thereto filed by Petitioner, Lewis Jenkins [7], Report and

Recommendation of Magistrate Judge Michael T. Parker [8] and Objections to Report and

Recommendations filed by Lewis Jenkins [10], and the Court considering same, finds as follows:

1.  PROCEDURAL HISTORY

Petitioner pled guilty to manslaughter in the Circuit Court of Jones County, Mississippi,

and by Order dated July 30, 2004, was sentenced to a term of twenty (20) years in the custody of

the Mississippi Department of Corrections ("MDOC"), with fifteen (15) years to serve and five

(5) years suspended upon the successful completion of five (5) years on post-release supervision

and completion of the Circuit Court Community Service Program.  *See* Exh. A to Motion to

Dismiss.  Petitioner did not file a direct appeal, as direct appeals are statutorily prohibited when

a defendant enters a guilty plea.[1]  Miss. Code Ann. § 99-35-101.

Petitioner filed the instant Petition for Writ of Habeas Corpus [1], at the earliest, on

---

[1] The Mississippi Supreme Court has carved out an exception, allowing a defendant to
appeal an illegal sentence, as opposed to a guilty plea.  *See Trotter v. State*, 554 So. 2d 313, 315
(Miss. 1989); *Burns v. State*, 344 So. 2d 1189, 1190 (Miss. 1977).

September 3, 2008.[2]  Respondent contends that the Petition was not timely filed and, therefore, it should be dismissed pursuant to 28 U.S.C. § 2244(d).

## II.  STANDARD OF REVIEW

When a party objects to a Report and Recommendation this Court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  See also *Longmire v. Gust*, 921 F.2d 620, 623 (5th Cir. 1991) (Party is "entitled to a *de novo* review by an Article III Judge as to those issues to which an objection is made.") Such review means that this Court will examine the entire record and will make an independent assessment of the law. The Court is not required, however, to reiterate the findings and conclusions of the Magistrate Judge. *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) nor need it consider objections that are frivolous, conclusive or general in nature.  *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1997).  No factual objection is raised when a petitioner merely reurges arguments contained in the original petition. *Edmond v. Collins*, 8 F.3d 290, 293 (5th Cir. 1993).

## III.  PETITIONER'S OBJECTIONS AND ANALYSIS

Jenkins does not object to the Report and Recommendation and its finding that the time bar provided for by § 2244(d) is applicable, but he asserts that there are two exceptions that would prevent his case from being dismissed. One, is that he argues that the factual predicate exception should apply.

---

[2] Under the "mailbox rule," Jenkins' *pro se* federal habeas petition is deemed filed on the date that he delivered the petition to prison officials for mailing to this court. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999).  Petitioner's habeas petition was signed on September 3, 2008, but was not stamped "filed" until September 10, 2008.  The court will give Petitioner the benefit of the doubt and assume that his petition was delivered to prison officials on the same day it was signed.

Jenkins was convicted and sentenced on August 30, 2004, and his federal *habeas* petition was due on or before August 30, 2005. His petition was not filed until September 3, 2008, approximately three (3) years after the statute of limitations expired. The factual predicate exception is set forth in 28 U.S.C. § 2244(d)(1)(D). He argues that he could not have discovered the factual predicate for his *habeas* petition prior to getting the file from his attorney in July of 2006. Petitioner has not demonstrated in his pleadings that he was unaware of the underlying facts of his claims prior to receiving his file from his attorney. This is necessary in order to trigger the factual predicate exception. The reasons he gave therefor are not supported by case law that gives him any help. Therefore, the Court finds that the Respondent has not demonstrated that the factual predicate exception should apply.

Secondly, Jenkins argued that it would be unfair for him not to be allowed to pursue his *habeas* petition. He argues that he has been diligent since he received the file from his attorney and, in fact, did proceed timely after he received the documents. In order to establish the "equitable tolling" that the Petitioner requests, he must show that he was prevented, through no fault of his own, from proceeding with his petition. He has not shown in any way that he was misled, or in any other way prevented from asserting his rights. The case law requires the statute to be applied as recommended by the Magistrate Judge.

The petitioner has not demonstrated any valid objection to the Report and Recommendation of the Magistrate Judge.

## IV. CONCLUSION

As required by 28 U.S.C. § 636(b)(1) this Court has conducted an independent review of the entire record and a *de novo* review of the matters raised by the objections. For the reasons set forth above, this Court concludes that Jenkins' objections lack merit and should be overruled.

The Court further concludes that the Report and Recommendation is an accurate statement of the facts and the correct analysis of the law in all regards. Therefore, the Court accepts, approves and adopts the Magistrate Judges's factual findings and legal conclusions contained in the Report and Recommendation. Accordingly, it is ordered that the United States Magistrate Judge Michael T. Parker's Report and Recommendation is accepted pursuant to 28 U.S.C. § 636(b)(1) and that Lewis Jenkins's claim is **dismissed with prejudice**. All other pending motions are denied as moot.

SO ORDERED this, the 31st  day of March, 2009.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE